IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS DANTZLER, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PEDCOR HOMES CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Dennis Dantzler ("Plaintiff") and files this Complaint against Defendant Pedcor Homes Corporation ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

### 4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

### 5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## III.   Parties and Facts

### 6.

Plaintiff is a resident of the State of Georgia.

7.

Plaintiff worked as a maintenance supervisor, from on or about January 26, 2021, through on or about August 10, 2022.

8.

Plaintiff is and has been a non-exempt "employee" of Defendant, as that term has been defined by the FLSA.

9.

From on or about January 26, 2021, through on or about August 10, 2022, Plaintiff was paid on an hourly basis. Defendant repeatedly failed to pay Plaintiff overtime compensation, calculated at one- and one-half times his regular rate, for many of the overtime hours he worked.

10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

11.

Defendant is a private employer engaged in interstate commerce, and its gross commercial revenues exceed $500,000 per year.

12.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

13.

Plaintiff was scheduled to work on property from Monday through Friday from 8:30am to 5:30pm, but usually would not be done until about 8:30 p.m. Plaintiff was also required to work substantial hours during his "on-call" periods handling property trash, pool chemicals, and emergency calls, among other responsibilities.

14.

Property Manager Yolanda Upshaw and Regional Manager Tony Feltner knew that Plaintiff's schedule was 8:30 a.m. – 5:30 p.m., as this information was included in his offer letter and his position's job description. Ms. Upshaw was supposed to submit Plaintiff's "on-call" hours to payroll and was aware of how many hours he was working. When Plaintiff was not paid for all the hours he worked, Ms. Upshaw told him that she submitted his "on-call" hours to Tasha in Payroll. When he asked for Tasha's contact information, Ms. Upshaw told him to speak with Tony Feltner. When Plaintiff asked why he shouldn't speak with Tasha, Ms. Upshaw said "Tony knows everything, and you need to speak with Tony."

15.

Ms. Upshaw approved and submitted to Tasha, Plaintiff's "on-call" timesheet each pay period.

16.

Plaintiff's "on-call" hours were tracked in his time log and he submitted them to Ms. Upshaw. On numerous occasions, Ms. Upshaw would adjust the number of hours she submitted for Plaintiff, telling him that they "can't do that much time this period, it's too much." So, although he would work substantial hours in excess of 40, he would be paid for fewer hours.

17.

Plaintiff frequently complained to Ms. Upshaw that he was not being paid for all the hours he worked.

18.

On August 5, 2022, Mr. Feltner, Maintenance Regional Manager Steve, and Ms. Upshaw told Plaintiff that he could no longer work over 40 hours per week, unless he received approval. This was the first time Plaintiff was told that he would need approval.

19.

Later that day, Plaintiff asked Ms. Upshaw about his pay that period. He had

not been paid for all the hours he had worked. He told her that he had been only paid

for 82 hours, rather than the 98.6 he had worked. He also asked Ms. Upshaw why he

had not received overtime wages at one- and one-half his hourly rate. Ms. Upshaw

directed Plaintiff to contact Regional Manager Tony Feltner.

20.

 Approximately 20 minutes later, Ms. Upshaw texted Plaintiff telling him to

clock out.

21.

Ms. Upshaw told Plaintiff that the decision had come from Mr. Feltner, and

that Plaintiff was to contact him if he had questions about the suspension. Then she

blocked Plaintiff's phone number.

22.

When Plaintiff showed up to work at 8:30 a.m., on August 10, 2022, the door

locks had been changed.

23.

Tony Feltner had flown into town and greeted Plaintiff with a police officer.

They did not allow Plaintiff to get his time logbook and personal belongings.

24.

Plaintiff was told he was terminated for not showing up for work that morning. Plaintiff had shown up, but because the locks had been changed and Ms. Upshaw blocked his number, he was unable to get in or call for assistance in getting in. Plaintiff had also been on property, in the maintenance shop.

25.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

26.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## **Count I**

## **Violations of the Fair Labor Standards Act**

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

29.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

30.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

31.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

## Count II

## Violation of the Anti-Retaliation Provision of the Fair Labor Standards Act

32.

Plaintiff re-alleges preceding paragraphs 6-26 as if set forth fully herein.

33.

Plaintiff engaged in protected activity by opposing Defendants' willful refusal to pay overtime compensation to an employee. Plaintiff therefore engaged in protected activity under the FLSA.

34.

Defendants responded to Plaintiff's protected activity by terminating his employment.

35.

29 U.S.C. § 215(a)(3) makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee."

9

36.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

37.

Defendants were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

38.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

39.

Defendants knew that their conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

40.

Defendants' violations of the FLSA were willful and in bad faith.

41.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

42.

Plaintiff's statutorily protected activity was the determinative factor in Defendants' decision to terminate her employment.

43.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendants.

44.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### III.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees,

reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other

remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been

violated and that Defendant misclassified Plaintiff as exempt from the

overtime requirements of the FLSA;

(D)   Permit Plaintiff to amend her Complaint to add state law claims if

necessary;

(E)   Award Plaintiff such further and additional relief as may be just and

appropriate.

This 7th day of October, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS DANTZLER, | ) | |
| | ) | Civil Action No. |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PEDCOR HOMES CORPORATION, | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I filed the foregoing *First Complaint for Damages* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 7th day of October, 2021

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

13